459 F.2d 957
 4 ERC 1163, 2 Envtl. L. Rep. 20,249
 CIVIC IMPROVEMENT COMMITTEE et al., Plaintiffs-Appellants,
v.
John A. VOLPE, Secretary of the United States Department of
Transportation and the United States Department of
Transportation, et al., Defendants-Appellees.
 No. 72-1413.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 11, 1972.
Decided May 15, 1972.
 
 George S. Daly, Jr., and Hugh G. Casey, Jr., Charlotte, N. C. (Casey & Daly, P.A., Charlotte, N. C., on brief), for appellants.
 Charles R. Buckley, III, Charlotte, N. C. (Henry W. Underhill, Jr., Charlotte, N. C., on brief), for appellees.
 Before CRAVEN and RUSSELL, Circuit Judges, and BLATT, District Judge.
 PER CURIAM:
 
 
 1
 Since the issuance of the partial preliminary injunction pending appeal the United States Attorney has filed a memorandum in this court stating the Government's position to be that the Sharon Lane project in Charlotte is entirely a "State project, and is not to be approved or rejected by the Secretary of Transportation . . ., nor dependent upon 'Federal supervision' . . ., nor subject to any question of compliance with Federal 'statutory and regulatory standards' . . .." The United States respectfully suggests that before any court could mandate compliance with the National Environmental Policy Act it would be necessary for plaintiffs to show the eventuality of Federal participation in the Sharon Lane project.
 
 
 2
 Despite the breadth of the NEPA we think there are doubtless local projects that may be destructive of environmental assets that are not within the ambit and protection of the Act. If America's environment is to be preserved in accordance with the national policy expressed by the Congress the gap will have to be filled with state and local legislation. Indeed, there already exists a statute of North Carolina looking toward the preservation of ecological values. N.C.G.S. 113A. Nothing contained in our decision is intended to foreclose resort to state and local remedies.
 
 
 3
 We hold that the failure and refusal of the district judge to issue a preliminary injunction was not an abuse of his discretion. The partial preliminary injunction pending appeal is vacated.
 
 
 4
 Affirmed.
 
 
 5
 CRAVEN, Circuit Judge (concurring and dissenting):
 
 
 6
 I agree with my brothers that the present record fails to establish sufficiently "major federal action." When the United States insists it is a nonparticipant, it is difficult to prove the contrary. But government is so big that it sometimes occurs that the left hand honestly does not know what the right hand is doing. See Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).
 
 
 7
 Because of circumstances beyond his control, the district judge necessarily accelerated the hearing below. Plaintiffs' right of discovery was abbreviated. Even so, illustratively, they were able to show a state application for $3 million of federal funds for construction of a nearby project, of which the Federal District Highway Engineer had no knowledge.
 
 
 8
 I would remand to allow further inquiry into the extent of federal involvement in this project. The federal financial contribution ($91,000) to the Smith Plan, which recommends the widening of Sharon Lane and its inclusion in the sixth circumferential route; the federal expenditures ($463,642) for projects at four points of the sixth circumferential; and the likelihood that federal funds will be requested for the construction of portions of the sixth circumferential indicate to me that further discovery might reveal that this project is part of a "major federal action."